AO (Rev. 5/85) Criminal Complaint

FILED IN OPEN COURT
10.24.16
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.

SALIH ZEKI UCES

**CRIMINAL COMPLAINT**

CASE NUMBER: 3:16-mj- 1282-MCR

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. From on or about September 17, 2016, and continuing through the date of this Complaint, in Duval County, in the Middle District of Florida, the Republic of Turkey, and elsewhere, the defendant

> knowingly and intentionally removed from the United States, and retained outside the United States, S.U., a minor child who had been in the United States, with the intent to obstruct the lawful exercise of parental rights by the child's mother, E.M.,

in violation of Title 18, United States Code, Section 1204. I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Signature of Complainant
Abbigail Beccaccio

Sworn to before me and subscribed in my presence,

October 24, 2016 at Jacksonville, Florida

The Honorable Monte C. Richardson
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## CRIMINAL COMPLAINT AFFIDAVIT

I, Abbigail Beccaccio, being duly sworn, state as follows:

## INTRODUCTION

1.  I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been so employed since May 2012. I am currently assigned to the Jacksonville, Florida Division of the FBI where I conduct a variety of investigations in the area of violent crimes. Prior to this assignment, I was employed as Forensics and Technology Unit Supervisor with the Orlando Police Department for approximately 8 years. I have a Bachelor's degree in Molecular Biology & Microbiology. I have received law enforcement training from the FBI Academy at Quantico, Virginia. A substantial portion of my duties are dedicated to investigating cases involving crimes against children under the auspices of the FBI's "Innocent Images" National Initiative. Since becoming a Special Agent, I have worked with experienced Special Agents who also investigate child exploitation offenses. In the performance of my duties, I have investigated and assisted in the investigation of matters involving the advertisement for, possession, collection, production, receipt, and/or transportation of images of child pornography and the solicitation and extortion of children to produce sexually explicit images of themselves. I have been involved in searches of residences pertaining to the advertisement for, possession, collection, production, and/or transportation of child pornography through either the execution of search warrants or through the subject providing written consent to permit a search to be conducted.

2. I have investigated and assisted in the investigation of criminal matters involving the sexual exploitation of children that constituted violations of Title 18, United States Code, Sections 2251, 2252, 2252A, 2422, and 2423, as well as Florida state statutes which criminalize the sexual activity with minors and other methods of child sexual exploitation. In connection with such investigations, I have served as case agent, have been the affiant for several search warrants and conducted interviews of defendants and witnesses, and have served as an undercover agent in online child exploitation cases. I am a member of a local child pornography task force comprised of the FBI, U.S. Immigration and Customs Enforcement, the Florida Department of Law Enforcement, the Jacksonville Sheriff's Office, the St. Johns County Sheriff's Office, and the Clay County Sheriff's Office, among other agencies. These agencies routinely share information involving the characteristics of child sex offenders as well as investigative techniques and leads. As a federal agent, I am authorized to investigate and assist in the prosecution of violations of laws of the United States, and to execute search warrants and arrest warrants issued by federal and state courts.

3. The statements contained in this affidavit are based on my personal knowledge and observations, as described below. This affidavit does not contain every fact regarding the investigation, but does document probable cause to charge SALIH ZEKI UCES with international parental kidnaping, in violation of Title 18, United States Code, Section 1204.

2

4. On September 28, 2016, I read a report written by FBI Special Agent Joseph C. Fuller detailing a walk-in complaint from an individual who will be referred to as "E.M." According to the report, on September 19, 2016, E.M. came to the Jacksonville FBI office to report an incident of suspected international parental kidnaping. E.M. stated that she and her husband, SALIH ZEKI UCES, were involved in divorce and child custody proceedings in state court in Duval County, Florida, which E.M. had filed on September 15, 2016. E.M. reported that on or about September 17, 2016, UCES, who is a dual citizen of the United States and the Republic of Turkey, had taken the couple's minor child, who will be referred to as "S.U.", from the United States to Turkey.

5. On October 3, 2016, I spoke with E.M. over the phone to obtain additional information and learned the following through conversation and written documentation that was subsequently provided via email:

   a. E.M. was married to UCES on May 5, 2013, in New York. S.U. was born of/during this marriage in April 2014.

   b. E.M. and UCES ceased cohabitation on August 22, 2016, at which time UCES voluntarily left the parties' shared apartment. Following this, E.M. exercised majority time-sharing with S.U. and UCES exercised sporadic, minimal time-sharing with S.U.

   c. UCES returned to the apartment, which he previously vacated, sometime during September 14, 2016, and rummaged through E.M.'s personal items. After E.M. became aware UCES absconded with S.U., E.M. went to retrieve

3

her passport from its usual location and found it to be missing. UCES was the only other person with access to the apartment and knowledge of the location of E.M.'s passport within the apartment.

  d. On September 15, 2016, E.M. filed her Petition for Dissolution of Marriage in state court in Duval County, Florida.

  e. On the morning of September 16, 2016, UCES provided E.M. with a confirmation of a hotel reservation for September 16-17, 2016; UCES stated he intended to time-share there with S.U. Later this same day, UCES retrieved S.U. from daycare. Via text-messaging, UCES told E.M. that he intended to time-share with S.U. until the following day, September 17, 2016, at the provided location. E.M. consented to time-share for this period of time.

  f. On September 17, 2016, E.M. made inquires via text-message as to the routine/sleep/care of S.U. UCES engaged in some responses, however, did not provide responses when inquires were made as to the return of S.U.

  g. After several hours without a response, E.M. went to the hotel that UCES identified he would be staying. The hotel receptionist informed E.M. that UCES had not been at the hotel since September 1, 2016.

  h. E.M. then went to a Jacksonville Sheriff's Office (JSO) substation to file a report. JSO told E.M. they were unable to assist her due to her consent to UCES for weekend time-sharing.

  i. On September 18, 2016, at approximately 12:25 a.m., UCES responded to E.M. via text-message stating, "we came to Turkey safe and sound

4

she will stay with me for a couple of weeks, I am not listening to your orders because I am the father."

  j. Both UCES and E.M. are of Turkish decent; S.U. inherited Turkish citizenship by way of her parents. Both UCES and E.M. were born in Turkey, and both have extended family in Adana, Turkey. E.M. has been able to verify S.U.'s presence in Adana, Turkey via her extended family members that currently reside there.

  k. UCES has informed his friends and family members in Turkey that he has no intention of returning to the United States with S.U., as he does not trust "American law."

  l. UCES has engaged in text-message conversations with E.M.'s sister and uncle stating, "if you want to come to my house bring your weapons, knives, I will not give up my daughter."

  m. E.M. was able to see S.U. on the video streaming application Viber on September 28, 2016, for a brief moment. Following this UCES and his mother became irate and the call was terminated.

  6. On October 21, 2016, I obtained a travel history for UCES and S.U. from U.S. Customs and Border Protection. The travel history shows that UCES and S.U. departed from the United States at John F. Kennedy International Airport on September 16, 2016, via Turkish airlines flight number 12 to Istanbul, Turkey. Records show that both UCES and S.U. were scheduled to return to the United States, October 6, 2016, via Turkish airlines flight number 11. These records

5

additionally reflect that UCES and S.U. did not board the return flight on October 6, 2016.

7. On October 13, 2016, the Circuit Court, Fourth Judicial Circuit, Duval County, Florida, by Judge Lance M. Day, entered an "Order on Wife's Verified Emergency Motion for *Ex Parte* Pick-Up Order and Other Relief" in the family law case, IN RE: The Marriage of [E.M.] Wife, and SALIH UCES, Husband, Case No. 2016-DR-7409-FM-G. I received and reviewed this order on October 19, 2016. The judgment, with its attachments, is attached to this affidavit as Exhibit 1 (redacted to replace the names of the wife and child with their initials). The court provided the following with regard to the custody status of S.U.:

> 4. At the time the Husband absconded with the minor child, the Wife was exercising her right of custody, as evidenced by her caring for the minor child for the majority of the time.
>
> 5. On September 17, 2016, the Husband absconded with the minor child to Turkey, without the consent or knowledge of the Wife. The Wife has asked for the immediate return of minor child, to which the Husband has refused to agree. The Husband has wrongfully retained the minor child in Turkey.
>
> 6. As an operation of Florida law, the mother is entitled to custody of the minor child.
>
> 7. The Husband has engaged in parental kidnapping, as defined by 42 U.S.C. § 121 and the Hague Convention on the Civil Aspects of International Child Abduction, to which both the United Stated and Turkey are signatories.
>
> * * *
>
> 9. The United States is the minor child's country of habitual residence. The States of Florida, since birth, is the child's state of residency, per the Uniform Child Custody Jurisdiction and Enforcement Act.

6

10. The Husband's conduct of absconding with the child to Turkey breaches the Wife's right to custody under Florida Law.

11. The Husband has wrongfully removed the minor child from the United States, her state of habitual residence, within the meaning of Article 3 of the Convention of 25 October 1980 on the Civil Aspects of International Child Abduction.

* * *

It is, therefore, ORDERED and ADJUDGED:

* * *

B. The minor child, S.U., date of birth April [], 2014, a female child, shall immediately be returned to the jurisdiction of this court in the United States of America, State of Florida, Duval County and placed in the care and custody of the Wife, [E.M.].

C. Any governmental agency, including but not limited to: the Jacksonville Sheriff's Office, The Department of State, Federal Bureau of Investigations, and any and all law enforcement agency or department in Turkey, is authorized and required to remove the child from the Husband by any reasonable means necessary, and place her in protective care until such time as the Wife is able to retrieve the child.

D. The Husband shall immediately surrender any and all passports issued to the minor child, whether issued by Turkey or the United States, by providing them to the Wife simultaneously with the child.

* * *

G. The Wife shall have temporary Sole Parental Responsibility, until further order of this court.

Order on Wife's Verified Emergency Motion for *Ex-Parte* Pick-Up Order and Other Relief, <u>IN RE: The Marriage of [E.M.] Wife, and SALIH UCES,</u>

7

Husband, Case No. 2016-DR-7409-FM-G (Circuit Court, Fourth Judicial Circuit, In and For Duval County, Florida Oct. 13, 2016).

8. Based upon the foregoing facts, there is probable cause that SALIH ZEKI UCES knowingly and intentionally removed from the United States, and retained outside the United States, S.U., a minor child who had been in the United States, with the intent to obstruct the lawful exercise of parental rights by the child's mother, E.M., in violation of Title 18, United States Code, Section 1204.

Abbigail Beccaccio, Special Agent
Federal Bureau of Investigation
Jacksonville, Florida

8

# EXHIBIT 1

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   2016-DR-7409
DIVISION:   FM-G

IN RE: THE MARRIAGE OF:
E███ M███████,
    Wife,
and
SALIH UCES,
    Husband.
_____/

## ORDER ON WIFE'S VERIFIED EMERGENCY MOTION FOR EX-PARTE PICK-UP ORDER AND OTHER RELIEF

**THIS CAUSE** came to be heard by this Court, *Ex-Parte*, upon the Wife's Verified Ex-Parte Pick-Up Order and Other Relief. The Court, having reviewed the verified motion, the entirety of the Court file, and being otherwise advised in the premises finds:

1. The Husband was not provided notice due to his wrongful taking of the minor child to Turkey and concern that he will further hide the minor child, if notice was provided.

2. The parties were married on May 5, 2013 in New York. One child was born of/during the marriage, S███ U███, date of birth April██, 2014. The Wife, E██ M████ is the biological mother of the minor child and the Wife's parental rights are intact.

3. The parties ceased living together on August 22, 2016, when the Husband voluntarily moved out of the parties' shared apartment. After the Husband vacated the residence and prior to the Husband absconding with the child, the Wife was exercising majority time-sharing with the minor child and the Husband was exercising sporadic, minimal time-sharing.

4.. At the time the Husband absconded with the minor child, the Wife was exercising her right of custody, as evidenced by her caring for the minor child for the majority of the time.

5. On September 17, 2016, the Husband absconded with the minor child to Turkey, without the consent or knowledge of the Wife. The Wife has asked for the immediate return of the minor child, to which the Husband has refused to agree. The Husband has wrongfully retained the minor child in Turkey.

6. As an operation of Florida law, the mother is entitled to custody of the minor child.

7. The Husband has engaged in parental kidnapping, as defined by 42 U.S.C. § 121 and the Hague Convention on the Civil Aspects of International Child Abduction, to which both the United States and Turkey are signatories.

8. The minor child was born in Tampa, Florida, and has been a continuous resident of the State of Florida, and thus also a resident of the United States, since her birth. The Husband and Wife established a home in Jacksonville, Florida in January, 2016 and both became employed in the area. The parties executed a long-term lease for an apartment together. The Parties' actions exhibit an intent to make Jacksonville their permanent residence.

9. The United States is the minor child's country of habitual residence. The State of Florida, since birth, is the child's state of residency, per the Uniform Child Custody Jurisdiction and Enforcement Act.

10. The Husband's conduct of absconding with the child to Turkey breaches the Wife's right to custody under Florida Law.

11. The Husband has wrongfully removed the minor child from the United States, her state of habitual residence, within the meaning of Article 3 of the Convention of 25 October 1980 on the Civil Aspects of International Child Abduction.

12. The Husband was self-employed and shut down his business without the knowledge of the Wife or the company's single employee.

13. The Husband came into the apartment, which he previously vacated, on Wednesday, September 14, 2016 and rummaged through the Wife's personal items. After the Wife became aware that he absconded with the minor child, she went to retrieve her passport from its usual location and it was missing. The Husband was the only other person with access to the apartment and he took the Wife's Turkish Passport, with an intent to prevent her from coming to Turkey to retrieve the minor child. The Husband's actions prior to absconding with the child to Turkey evidence a premeditated act with an intent to not return to the United States, thereby preventing the Wife from having any access to the minor child.

14. The minor child is just two years old, and of tender age. The child is entitled to the benefit of both parents.

It is, therefore, ORDERED and ADJUDGED:

A. The Wife's Verified Amended Verified Emergency Motion for *Ex-Parte* Pick-Up Order and Other Relief is hereby **GRANTED.**

B. The minor child, S▆▆ U▆▆ date of birth April ▆, 2014, a ▆▆▆ child, shall immediately be returned to the jurisdiction of this Court in the United States of America, State of Florida, Duval County and placed in the care and custody of the Wife, E▆▆ M▆▆▆

C. Any governmental agency, including but not limited to: the Jacksonville Sheriff's Office, The Department of State, Federal Bureau of Investigations, and any and all law enforcement agency or department in Turkey, is authorized and required to remove the child from the Husband by any reasonable means necessary, and place her in protective care until such time as the Wife is able to retrieve the child.

D. The Husband shall immediately surrender any and all passports issued to the minor child, whether issued by Turkey or the United States, by providing them to the Wife simultaneously with the child.

E. The Wife shall have sole exclusive authority to obtain or apply for a passport for the child, including obtaining a duplicate passport.

F. The Husband's time-sharing with the minor child shall be determined upon the return of the minor child to the United States. It is not the intent of this Court to deprive either parent of the love and affection of the minor child, nor is it the intent of the Court to deprive the Father of appropriate time-sharing with the minor child. However, the Husband's actions are in contradiction of the best interest of the minor child.

G. The Wife shall have temporary Sole Parental Responsibility, until further order of this Court.

H. The Court reserves jurisdiction to enter subsequent orders as may be necessary to effectuate the return of the minor child to the Wife safely and timely. The Court maintains jurisdiction over the subject matter, the parties' minor child, and the parties in this cause.

**DONE AND ORDERED** in chambers, Jacksonville, Duval County, Florida, this _23_ day of October, 2016.

Lance M. Day
Circuit Court Judge
501 West Adams Street
Jacksonville, FL 32202
(904) 255-1276

Copies to:

Christie L. Guerrero, Esq.
Attorney for the Wife
pleadings@familylawyerjax.com

Salih Uces
Via Service of Process

Bureau of Consular Affairs
Office of Children's Issues
AS-17 9th Floor
Washington, DC 20522-1709
childabduction@state.gov

U.S. Department of State
Overseas Citizen Services
Attn: Children's Passport Issuance Alert Program
AS-17 9th Floor
Washington, DC 20522-1709
preventabduction@state.gov

Child Exploitation Task Force
Federal Bureau of Investigations